UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 05-346M |
| | : | |
| v. | : | |
| | : | |
| **NASHA BARKSDALE,** | : | VIOLATIONS: 18 U.S.C. § 1029 |
| | : | (Access Device Fraud); |
| **Defendant.** | : | 18 U.S.C. § 2 (Aiding |
| | : | and Abetting). |

### I N F O R M A T I O N

The United States informs the Court:

### COUNT ONE

### Introduction

At all times material to this Information:

    1. American Express ("AmEx") is a company that issues credit cards and has activity that affects interstate commerce.

    2. Credit cards, and their account numbers, are "access devices" in that they could be used, alone or in conjunction with the expiration date, to obtain money, goods, services, or anything of value.

### Access Device Fraud

    4. From on or before May 8, 2005, and continuing thereafter through on or about June 10, 2005, in the District of Columbia and elsewhere, the defendant, NASHA BARKSDALE, knowingly and with intent to defraud, trafficked in and used more than one unauthorized access device by:

        a.    stealing, or aiding and abetting the theft of, the AmEx cards belonging to Caroline Keller and Celia McLaughlin from their unattended gym bags

        located in two separate sports and fitness clubs within the District of Columbia;

  b.  using, or attempting to use, the stolen credit cards without proper authorization to obtain goods and services benefitting herself and others; and

  c.  participating in and facilitating at least one other's fraudulent use, or attempted use, of a stolen card to obtain goods and services.

5. In order to traffic in and use the unauthorized access devices, the defendant, NASHA BARKSDALE, committed the following acts:

  a. The defendant used, without permission, personal information, i.e. the name/signature, of at least two individuals (hereinafter "victims"). The defendant obtained this personal information by stealing the victims' credit cards.

  b. The defendant, herself or others in conjunction with her, then used the stolen credit cards to purchase: footwear, clothing, cosmetics, and accessories; groceries, meals and entertainment; automobile-related items or services; and other goods and services. For example (but not exclusively), the defendant, alone or with others, used the stolen credit cards to purchase fraudulently:

    i. shoes, clothing, food, gasoline and entertainment in Washington, DC and Alexandria, VA on May 8, 2005, for $473;

    ii. clothing, food, automotive services and personal accessories in Washington, DC and Arlington, VA on May 9, 2005, for $401;

    iii. food and gasoline in Alexandria, VA on May 10, 2005, for $28;

          iv. shoes, clothing, food, and personal accessories in Washington, DC and Alexandria, VA on June 10, 2005, for $815.

    6. Between in or about May 8, 2005, and continuing through at least June 10, 2005, within the District of Columbia and elsewhere, the defendant, affecting interstate commerce, knowingly and with intent to defraud did use and traffic in one or more unauthorized access devices, that is stolen credit cards, and by such conduct did obtain during a one-year period things of value in excess of $1,000, that is, goods and services of a value in excess of $2,000.

          (**Access Device Fraud, in violation of 18 U.S.C. §§1029(a)(2) and 2**).

                                          KENNETH L. WAINSTEIN

                                          United States Attorney
                                          for the District of Columbia

                    By: _____
                         CHAD SARCHIO
                         Assistant United States Attorney
                         D.C. Bar # 459098
                         United States Attorneys Office
                         Fraud and Public Corruption Section
                         555 4th Street, N.W.
                         Washington, DC  20530
                         (202) 353-8690