UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No.: CR-05-346M  05-323 (PLF) |
| NASHA BARKSDALE, | : |
| Defendant. | : |

### STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Crim. P. 11, defendant Nasha Barksdale stipulates as follows:

On or about June 10, 2004, during the early evening hours, I entered the Washington Sports Club located at 1990 K Street, N.W., for the purposes of using the Club's lavatory. While leaving the facility, but still in the women's locker room area, I noticed an unattended gym bag sitting exposed on the floor. I looked through the bag quickly and removed from it an American Express credit card ("the card" or "the AmEx card") that apparently belonged to the bag's owner, whom I did not know. After taking the card and approximately $120 in cash, I left the Club, believing that my actions went unobserved.

On or about that same day, June 10, 2005, I visited several District of Columbia and Virginia establishments intending to use the AmEx card, even though I knew I had no right or authorization to do so. First, around 5:00 p.m., I visited the Safeway Store located at 1701 Corcoran Street, N.W., and used the card to buy five individually-numbered gift cards costing $430, including: three $100 cards for Nordstrom's, one $100 card for Safeway, and one $25 card for Safeway. Next, around 6:00 p.m., I visited the Nine West shoe store located in the Pentagon City Mall (PCM) in Arlington, VA, and charged to the card several pairs of shoes for myself costing more than $100. Then, around 6:30, I visited the MAC store also located in the PCM and

bought cosmetics that also cost more than $100, again using the card. I then entered the Nordstrom's department store in PCM and, using both the card and the Nordstrom gift cards I had bought with it at Safeway, purchased several more pairs of shoes costing more than $160. Finally, around 9:30 p.m., I used the two Safeway gift cards (for $100 and $25) I bought with the AmEx card in conjunction with my purchase of almost $146 worth of groceries, childcare products, and other items from the Safeway store located at 322 40th Street, N.E. I have seen still photographs made from in-store video surveillance cameras that captured a number of these fraudulent transactions, and I recognize myself in those photographs. I bought approximately $815 worth of goods and services during the evening of June 10, 2005, and used the AmEx card by fraudulently signing the owner's printed name.

Along with these completed transactions, on June 10, 2005, between about 7:30 p.m. and 8:00 p.m., I also attempted to make a number of purchases without success. In particular, I tried to buy $268 worth of merchandise from the TJ Maxx store located at 3451 Jefferson Davis Highway in Alexandria, but the card was declined. I then tried but failed to purchase $5 worth of gasoline from two service stations in Alexandria where the card was again declined.

Similarly, on or about May 8, 2005, another individual and I visited a Sports & Health Club in the Georgetown area of Washington, DC. After entering the women's locker room, we gained access to an unlocked locker containing a gym bag. In it, my friend found an AmEx credit card, which we took and began to use almost immediately. From May 8, 2005, through May 10, 2005, we went on a shopping spree using the card, charging roughly $962 worth of merchandise, food, gasoline, clothing, and movie tickets at establishments in the District of Columbia and Virginia. As before, neither of us knew the owner of this card, nor did we have

any right or authorization to use it. I made no effort to prevent any of these purchases, and accompanied my friend for most if not all of them.

I intended to and did benefit directly and indirectly from these fraudulent credit transactions by obtaining approximately $2,055 worth of goods and services through my use of the two stolen cards. I also understood -- and/or could reasonably foresee -- that my use of the cards in both Virginia and the District of Columbia, my initiation of the electronic authorization or validation process associated with that use, and my patronage of large national chain stores or stores dealing in goods produced elsewhere, affects interstate commerce.

Respectfully submitted,

*Nasha Barksdale* 9-9-05

*Nasha Barksdale* Aug 26, 05

Nasha Barksdale
Defendant

*Peter R. Maignan* 9-9-05

*Peter R. Maignan* 8/26/05

Peter Maignan, Esq.
Attorney for the Defendant