

U.S. Department of Justice

United States Attorney

*District of Columbia*



---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

August 26, 2005

**FILED**

SEP  9 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Peter Maignan, Esq.
8181 Professional Place
Suite 205
Landover, MD 20785

05-323 (PLF)

Re:    United States v. Nasha Barksdale, CR 05-346M

Dear Mr. Maignan:

This letter sets forth the full and complete plea offer to your client, Ms. Nasha Barksdale. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on September 2, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.    **Charges:** Ms. Barksdale agrees to plead guilty to the attached Information charging her with a violation of 18 U.S.C. §1029(a)(2) (access device fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Barksdale, and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Barksdale agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Barksdale's actions. It is anticipated that prior to or during the Rule 11 plea hearing, Ms. Barksdale will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.    **Potential penalties, assessments, and restitution:** Ms. Barksdale understands that the maximum sentence that can be imposed is ten years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Barksdale understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Barksdale understands that this sentence, including the applicable sentencing

guideline range, will be determined solely by the Court, and that the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

| § 2 | 2B1.1 | | |
|-----|-------|---|---|
| | | (a) Base Offense Level | 6 |
| | | (b)(1) Loss less than $5,000 | 0 |
| | TOTAL | | 6 |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant in this case. In the event that this plea offer is not accepted by Ms. Barksdale, or is accepted by Ms. Barksdale but rejected by the Court or subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Ms. Barksdale agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00 to cover the special assessment, as required in 18 U.S.C. § 3013. She also agrees to pay restitution in the amount of $1,776.00. Ms. Barksdale also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Barksdale expressly warrants that she has discussed these rules with counsel and understands them. Ms. Barksdale voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. She further understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

6. **Government Concessions:** In exchange for her guilty plea, the government agrees not to pursue any other charges against Ms. Barksdale that arise from the immediate underlying facts of this case. The government also agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Ms. Barksdale

continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by any conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Barksdale in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Barksdale does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Barksdale.

7.    **Bond Conditions:** Ms. Barksdale understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8.    **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Barksdale's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9.    **Breach of Agreement:** Ms. Barksdale agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Barksdale should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Barksdale's release (for example, should Ms. Barksdale commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Barksdale's offense level or justify an upward departure -- examples of which include but are not limited to obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to

3

law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Barksdale will not have the right to move to withdraw the guilty plea; (c) Ms. Barksdale shall be fully subject to criminal prosecution for any other crimes she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Barksdale, directly and indirectly in any criminal or civil proceeding, any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Barksdale has breached this agreement, and if Ms. Barksdale so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible, and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10.    **Statute of Limitations Waiver:**  Any prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Barksdale knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

11.    **Waiver of Appeal:**  Ms. Barksdale is aware that federal law, specifically 18 U.S.C. § 3742, affords her the right to appeal her sentence. Ms. Barksdale is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Court. Knowing that, Ms. Barksdale waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Ms. Barksdale to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2. Further, Ms. Barksdale reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her. In agreeing to this waiver, Ms. Barksdale is aware that her sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, Ms. Barksdale knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), cert. denied, 537 U.S. 891 (2002).

12.    **USAO-DC's Criminal Division Bound:**  Ms. Barksdale understands that this agreement is binding only upon the Criminal Division of the USAO-DC. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Barksdale.

4

13.    **Complete Agreement:** No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Barksdale, her counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Barksdale may indicate her assent by signing the agreement in the space indicated below, and by returning the original to me once it has been signed by her and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

CHAD SARCHIO
Assistant United States Attorney

I have read this plea agreement, consisting of 6 pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: Sept 9-05

Nasha Barksdale
Defendant

5

I have read each of the 6 pages constituting this plea agreement, reviewed them with my client, and discussed fully the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: ___9-9-05___

_____
Peter Maignan, Esquire
Attorney for the Defendant

6