UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Number: | 05-323 (PLF) |
| | : | | |
| v. | : | | |
| | : | Violation: | 18 U.S.C. § 1029 |
| NASHA BARKSDALE, | : | | (Access Device |
| | : | | Fraud) |
| Defendant. | : | Sentencing Date: | November 22, 2005 |
| | : | | |

## GOVERNMENT'S AMENDED MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, defendant Nasha Barksdale should receive the maximum probationary sentence under the Guidelines and ordered to pay full restitution to the victims in this case.[1]

## FACTUAL SUMMARY

On or about June 10, 2004, during the early evening hours, the defendant entered the Washington Sports Club located at 1990 K Street, N.W. While leaving the facility, but still in the women's locker room area, she noticed an unattended gym bag sitting exposed on the floor. The defendant looked through the bag quickly and removed from it an American Express credit card ("the card" or "the AmEx card") that apparently belonged to the bag's owner, whom she did not know. After taking the card and approximately $120 in cash, she left the Club, believing that her actions went unobserved.

On or about that same day, June 10, 2005, Ms. Barksdale visited several District of Columbia

---

[1] The government files this memorandum having received only the draft Presentence Investigation Report. Subject to the exceptions noted on its Acknowledgment form, the government expects that this Memorandum would not change after receiving the final Report.

and Virginia establishments intending to use the AmEx card, even though she knew she had no right or authorization to do so. First, around 5:00 p.m., the defendant visited the Safeway Store located at 1701 Corcoran Street, N.W., and used the card to buy five individually-numbered gift cards costing $430. Next, around 6:00 p.m., she visited the Nine West shoe store located in the Pentagon City Mall (PCM) in Arlington, VA, and charged to the card several pairs of shoes for herself costing more than $100. Then, around 6:30, the defendant visited the MAC store located in the PCM and bought cosmetics that also cost more than $100, again using the card. Defendant then entered the Nordstrom's department store in PCM and, using both the card and the Nordstrom gift cards she had bought with it at Safeway, purchased several more pairs of shoes costing more than $160. Finally, around 9:30 p.m., Defendant used the two Safeway gift cards ( for $100 and $25) bought with the AmEx card in conjunction with the purchase of almost $146 worth of groceries, childcare products, and other items from the Safeway store located at 322 40th Street, N.E. The defendant bought approximately $815 worth of goods and services during the evening of June 10, 2005, and used the AmEx card by fraudulently signing the owner's printed name.

  Along with these completed transactions, on June 10, 2005, between about 7:30 p.m. and 8:00 p.m., she also attempted to make a number of purchases without success. She tried to buy $268 worth of merchandise from the TJ Maxx store located at 3451 Jefferson Davis Highway in Alexandria, but the card was declined. Defendant then tried but failed to purchase $5 worth of gasoline from two service stations in Alexandria where the card was again declined.

  Similarly, on or about May 8, 2005, another individual and Ms. Barksdale visited a Sports & Health Club in the Georgetown area of Washington, DC. After entering the women's locker room, they gained access to an unlocked locker containing a gym bag. In it, they friend found an AmEx

credit card, which they took and began to use almost immediately. From May 8, 2005, through May 10, 2005, they went on a shopping spree using the card, charging roughly $962 worth of merchandise, food, gasoline, clothing, and movie tickets at establishments in the District of Columbia and Virginia. As before, neither Ms. Barksdale or her accomplice knew the owner of this card, nor did they have any right or authorization to use it. Barksdale made no effort to prevent any of these purchases, and accompanied her friend for most if not all of them.

## PROCEDURAL HISTORY

Pursuant to a pre-indictment plea agreement, on September 9, 2005, the defendant pled guilty to one count of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2). As part of the plea, the defendant also agreed to pay restitution, and the total loss known at the time of the plea was $1776.00. After further consultation with American Express, the total loss attributable to defendant's conduct is known to be $1777.25.

In exchange for the defendant's guilty plea, the government agreed not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, if applicable. The government also agreed not to bring any additional criminal charges based upon the fraud outlined in the Statement of the Offense.

## SENTENCING ARGUMENT

The applicable offense level before taking into account acceptance of responsibility is 6, pursuant to U.S.S.G. § 2B1.1(a). Because the defendant readily took responsibility when confronted with his actions, the government supports a two-level decrease for acceptance of responsibility, which reduces the total offense level to 4. For the reasons set forth below, the government is seeking imposition of the maximum probationary sentence under the Guidelines.

1.      **Loss Valuation is Properly Calculated at $1,776.25.**

Valuation is governed by U.S.S.G. § 2B1.1(b)(1) and includes all relevant conduct. <u>See</u> U.S.S.G. § 1B1.3(a)(2) (same course of conduct or common scheme or plan as the offense of conviction). The properly calculated "loss," as detailed above, does not exceed $5,000, so no enhancement under U.S.S.G. § 2B1.1(b)(1) applies.

2.      **The Defendant Should Receive the Maximum Period of Probation.**

Assuming a total offense level of 4, including the application of a two-point adjustment for acceptance of responsibility, the defendant's applicable guideline range is 0-6 months of confinement (under Criminal History Category II). In determining the appropriate sentence, the Court "shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Applying those considerations to this case, the defendant should receive the maximum probationary sentence. She is a twenty-three-year-old high school graduate, with two prior criminal convictions for credit card fraud. She has managed to obtain numerous service-industry jobs in the past, but has not managed to keep them. Her fraudulent and felonious conduct likely stems from a willingness to take shortcuts to support herself, and certainly indicates a lack of respect for the law and the possessions of others. But for a savvy victim and the intervention of credit company officials, the defendant's illegal activity might have continued. She has successfully completed probation in the past, but she appears willing to recidivate when not working and instead hanging around with a poor selection of peers.

For these reasons, the government submits that an appropriate sentence in this case should include probation for not less than three years, a special assessment of $100, and an order

to pay restitution in the amount of $1,776.25.

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN
                    United States Attorney

By: _____
     CHAD SARCHIO
     Assistant U.S. Attorney
     Federal Major Crimes Section
     555 4th Street, NW, Room 4224
     Washington, DC 20530

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have caused a copy of the foregoing Memorandum In Aid of Sentencing to be served by first-class mail, postage prepaid, on defense counsel, Peter Maignan, Esq., 8181 Professional Place, Landover, MD 20785, and Tammy White, U.S. Probation, this 10th day of November, 2005.

_____
Chad Sarchio
Assistant United States Attorney